NOT FOR PUBLICATION                              [Docket No. 24]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| J.L., a minor, individually and by her Parents K.L. and J.L.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON TOWNSHIP BOARD OF EDUCATION AND CLEARVIEW BOARD OF EDUCATION,<br><br>Defendants. | Civil No. 14-2666 RMB/JS<br><br>**OPINION** |

APPEARANCES:

Jaime Epstein, Esq.
107 Cherry Parke, Suite C
Cherry Hill, NJ  08002
        Attorney for Plaintiffs

Brett E.J. Gorman, Esq.
Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054
        Attorneys for Defendants

**BUMB**, United States District Judge:

This matter comes before the Court upon a Motion by

Defendants, Harrison Township Board of Education ("Harrison") and

Clearview Board of Education ("Clearview"), (hereinafter together

referred to as the "Defendants") to dismiss the Plaintiffs' First

Amended Complaint ("Complaint") in the above-captioned matter. For the reasons set forth below, Defendants' motion shall be denied in part and granted in part.

## I.   Background[1]

Plaintiffs, K.L. & J.L., individually and on behalf of their minor child, J.L., have fled a Complaint with this Court seeking relief under three separate statutes: the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C § 794 ("Section 504"), and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq., ("LAD").[2]

Per the Complaint, Plaintiff, J.L., is a student with numerous severe disabilities which cause her to have cognitive, learning, hearing and vision disorders.  Compl. at ¶ 2. Plaintiff J.L. resided with her parents K.L. and J.L. in the Township of Mullica Hill, County of Gloucester, in the State of New Jersey during the relevant time period. Compl. at ¶7.

---

[1] This Court will accept the Plaintiffs' well-pled allegations as true for purposes of this motion to dismiss.  See Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

[2] Plaintiff also cites to the New Jersey Special Education Law, N.J.S.A. 18A:46-1 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., in the Complaint but does not cite claims pursuant to those statutes therein.

Defendant Clearview Board of Education, located in Mullica Hill, New Jersey, and Defendant Harrison Township Board of Education located in Harrison Township, New Jersey are alleged to be the "local educational authority as defined by 20 U.S.C. § 1401(a) and responsible for ensuring compliance with all federal mandates under the IDEA, 504 and ADA for school aged students," for those residing in the Township of Mullica Hill, New Jersey.  Compl. at ¶¶ 8-9.[3]

Plaintiff contends that while attending public school, the Defendants "failed to provide her with a free and appropriate education in the least restrictive environment and failed to accommodate J.L.'s disabilities in order for her to benefit from a public education that Defendants had a duty to offer."  Compl. at ¶ 11.  As a result of these alleged issues, Plaintiffs filed a Due Process Complaint on August 27, 2013 under IDEA, 504 and the Americans with Disabilities Act ("ADA") with the New Jersey Department of Education ("NJDOE") requesting that Harrison and Clearview provide J.L. with:

- Additional evaluations in areas of suspected disabilities;
- Accommodations of her numerous disabilities;
- An appropriate Individualized Education Plan ("IEP");[4]

---

[3] Harrison is responsible for pre-school to grade 6 and Clearview for grades 7-12.

[4] An IEP is "a detailed written statement arrived at by a

3

- Appropriate placement and extended school year; and
- Compensatory education.

Compl. at ¶ 11.  The Due Process Complaint also sought to prohibit Harrison from allowing J.L.'s educational or health records to be disclosed to third parties without J.L.'s parents' consent.  Id.

The NJDOE transmitted the matter to the New Jersey Office of Administrative Law (NJOAL) for an initial due process hearing on October 7, 2013, but the NJOAL failed to hold that hearing. Compl. at ¶ 13.  The NJOAL noticed the case for a due process hearing on December 17, 2013 before ALJ Kerins.  Id. at ¶ 14.  On December 6, 2013, the Defendants sent the parties last written offers to the ALJ and "represented [that] Defendants had met Plaintiffs settlement demand requiring the ALJ to dismiss the case."  Compl. at ¶ 15.  Plaintiffs then wrote to the ALJ to object to the Defendants disclosing the parties' last settlement offers and, instead of commencing the trial, the ALJ declined to proceed and ordered the Defendants to file a motion requesting summary decision.  Compl. at ¶¶ 16-17.  ALJ Kerins, sua sponte

_____

multi-disciplinary team summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive."  Polk v. Central Susquehanna Intermediate Unit 16, 853 F.2d 171, 173 (3d Cir. 1988).

recused herself on December 20, 2013, and the Defendants' motion was heard by ALJ John Shuster, III, on January 14, 2014.  Compl. at ¶ 18.

On January 28, 2014, Judge Shuster granted the Defendants' motion, ultimately holding that the matter had been rendered moot, stating: "[b]ased on the finding that petitioner has received by way of offer an affirmative response to all of its demands as set forth in the petition, I conclude that a controversy no longer exists, meaning this case has become moot and therefore the petition should be dismissed." Compl. Ex. 1 at 3.

Plaintiffs have now filed a Complaint with this Court asserting three separate Counts.  In Count One, Plaintiffs seek an award of "reasonable attorney's fees and costs [pursuant to 20 U.S.C. § 1415(i)(3)(B)] because they are the parents of J.L., a child with a disability, who is the prevailing party in her IDEA/504/ADA due process proceeding."  Compl. at ¶ 21. Count Two requests attorney's fees as the prevailing party under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a.  Finally, in Count Three, Plaintiffs seek to assert a claim under the LAD against Defendant Harrison only.  In support of the LAD claim, Plaintiffs allege the following:

- J.L. is a handicapped person within the meaning of the New Jersey Law Against Discrimination;
- J.L. is otherwise qualified for the educational programs provided by the Defendant;
- By failing to make reasonable accommodations for J.L. including individualized educational services appropriate to meet her needs, the Defendant Harrison have [sic] deprived J.L. of rights secured to her under the under the New Jersey Law Against Discrimination; and
- The harm suffered by the Plaintiff J.L. was the result of Defendant Harrison's actions or omissions, and their conduct was malicious, or wanton and willful or in deliberate disregard of Plaintiff, J.L.'s rights.

Compl. at ¶¶ 41-44.

The Defendants have moved to dismiss all three Counts of Plaintiffs' Complaint.

## II.  Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 663.  "[A]n unadorned, the-

6

defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss.  Id., 566 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**III. Analysis**

A. <u>Attorney's Fees Under IDEA and Section 504</u>

The Defendants argue that Plaintiffs' request for attorney's fees under IDEA is barred as a matter of law because they made an offer of judgment that exceeded the relief ultimately obtained by the parents in the hearing.  Pursuant to 20 U.S.C. § 1415(i)(3)(D)(i-iii):

> (i) [] Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
>
>> (I)    the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>>
>> (II)   the offer is not accepted within 10 days; and
>>
>> (III)  the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

Defendants contend that all of the requirements set forth in 20 U.S.C. § 1415(i)(3)(D)(i-iii) have been met and an award of fees is barred because on December 6, 2013, more than ten days

8

prior to the December 17, 2013 hearing, Defendants outlined an offer of judgment "with as much detail as could be determined based upon the information presented at that moment." Defs.' Br. at 11. Defendants amended their offer on December 12, 2013 "upon receipt of Plaintiffs' trial exhibits and after finally being able to determine the specifics of Plaintiffs' Petition . . . to exceed the relief Plaintiffs sought in their Petition." Defs.' Br. at 11. Defendants argue that, because all of the requirements under the statute have been met, as a matter of law, this Court must prohibit an award of attorney's fees and costs.

In response, Plaintiffs argue that fees are allowed even where an offer of judgment was rejected "if the student was justified in rejecting the offer." Pls.' Br. at 6. In addition, Plaintiffs state that the statute only bars an award of fees incurred "subsequent" to the offer of judgment, which is supported by the plain language of the statute: "Attorneys' fees may not be awarded . . . for services performed <u>subsequent to the time of a written offer of settlement</u>. . . ." 20 U.S.C. § 1415(i)(3)(D)(emphasis added).[5] Finally, Plaintiffs argue that

---

[5] To the extent Plaintiffs argue that the initial hearing date was October 7, 2013, such an argument is undermined by the text of the Complaint itself, wherein the Plaintiffs make clear that the October hearing was canceled and occurred on December

9

Defendants "improperly rely on over 100 pages of numerous exhibits" and that the Defendants substantially failed to comply with IDEA, which bars the requested reduction of fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(G).[6]

With respect to Plaintiffs' application for fees under Section 504 of the Rehabilitation Act, Defendants contend that Plaintiffs' failure to accept the proposed offer of judgment "demonstrates bad faith that precludes attorney[']s fees under 504." Defs.' Br. at 14.  In doing so, Defendants ask this Court to find that the Plaintiffs "unjustifiably rejected a settlement offer and needlessly prolonged the matter . . . ." Id. at 15.

Similar to their objections to Defendants IDEA arguments, Plaintiffs contend that the Defendants failed to present this Court with facts regarding their own "bad faith" with respect to settlement communications.  Moreover, Plaintiffs argue that such matters are outside of the appropriate confines of a 12(b)(6) motion.

---

17, 2013.  Compl. at ¶¶ 13-17.

[6] This section states that "[t]he provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section."  Plaintiffs incorrectly cite to 20 U.S.C. § 1415(h)(3)(G), which is not relevant to their argument.

Because Defendants ask this Court to both review documents not relied on in Plaintiffs' Complaint and to draw legal conclusions from the facts averred by Defendants in their briefs, both of which are not appropriate pursuant to a 12(b)(6) motion, conversion to a motion for summary judgment is appropriate.  In support of their arguments with respect to Counts One and Two, Defendants submit nearly 165 pages of exhibits in support of their motion.  Generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); see Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that courts usually consider only the allegations in the complaint, attached exhibits, and matters of public record).  However, "[a] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp., 998 F.2d at 1196.  Again, a review of the attached documents reveals that there are exhibits that are neither attached to the Complaint, nor matters of public record or documents upon which Plaintiffs' claims are necessarily based.  "If matters outside the pleadings are presented to and not

excluded by the court, the motion to dismiss must be converted to a motion for summary judgment under Rule 56 and the court must give all parties a reasonable opportunity to present pertinent evidence." <u>Borough of Moosic v. Darwin Nat'l Assur. Co.</u>, 556 Fed. Appx. 92, 95 (3d Cir. 2014).

In addition to presenting matters outside of the pleadings, the Defendants ask this Court to draw legal conclusions from facts alleged in their briefs.  For example, the Defendants ask this Court to find that the Plaintiffs' rejection of the settlement offer necessarily constitutes "bad faith."  The purpose of a 12(b)(6) motion, however, is to "test[] the legal sufficiency of plaintiff's claim. In other words, for purposes of resolving a Rule 12(b)(6) motion, the question is whether the plaintiff would be able to prevail even if she were able to prove all of her allegations." <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006).

In light of the above, this Court deems it appropriate to convert Defendants' 12(b)(6) motion on Counts One and Two to a Rule 56(a) motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[7]  Pursuant to Federal Rule of Civil

---

[7] Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

Procedure 12(d), the Court must "provide[] notice of its intention to convert the motion and allow[] an opportunity to submit materials admissible in a summary judgment proceeding." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 284 (3d Cir. 1991) (citation omitted).  As such, this Court will Order that the parties have sixty (60) days from the date of this Opinion to present to this Court, via electronic filing, any pertinent materials not already provided that they believe are needed to resolve the motion for summary judgment.[8]

     B. Plaintiffs' LAD Claim

     To the extent Defendants motion requests that this Court dismiss Plaintiffs' LAD claim for failure to adequately plead facts in support of that claim, the motion will be granted. The LAD prohibits discrimination against a person because of a disability, the definition of which includes the perception of having a disability. N.J.S.A. 10:5-5(q); N.J.A.C. 13-13-1.3(1).

---

excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

[8] The Third Circuit has required at least ten days' notice be given before conversion of Rule 12(b)(6) motion.  See Crown Cent. Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir. 1980).

Unlawful discriminatory acts under the LAD include denying a person access to public accommodations, such as public schools, on the basis of discrimination. N.J.S.A. 10:5-4; <u>Hinfey v. Matawan Regional Board of Education</u>, 77 N.J. 514, 523, 391 A.2d 899 (1978) ("Public schools and public education assuredly are covered by [the LAD]").

To establish a prima facie case under the LAD, a plaintiff must show that she "(1) had a disability; (2) was otherwise qualified to participate in the activity or program at issue; and (3) was denied the benefits of the program or otherwise discriminated against because of his or her disability." <u>J.T. v. Dumont Pub. Schs.</u>, 2014 N.J. Super. LEXIS 160, at *26-27 (N.J. App. Div. Nov. 24, 2014).  In addition, "for purposes of establishing a prima facie case of disability discrimination under the LAD where the facts concern the provision of special education and related services, the program or benefit measured under the third element is the provision of a FAPE.")[9]  <u>Id.</u> at 34.

---

[9] FAPE refers to a "free appropriate public education."

14

With respect to Count Three, the Defendants argue that the Plaintiffs' Complaint lacks factual allegations sufficient to support the claim:

> Nowhere does it state what the District failed to provide, in what ways the District discriminated against J.L., how that harmed J.L., or when any of these events took place. Furthermore, what is offered by Plaintiffs is exactly the type of sweeping legal conclusion which the Court is not required to accept as true. Finally, Harrison had provided J.L. with an Individualized Education Program that specifically addressed J.L.'s disability, so at all times Harrison was addressing J.L.'s disability.

Defs.' Br. p. 18.

In response, Plaintiff contends that the facts supporting the LAD claim are contained in the Complaint by reference – _i.e._,

> From the time J.L. became eligible to attend public school, Defendants failed to provide her with a free and appropriate education in the least restrictive environment and failed to accommodate J.L.'s disabilities in order for her to benefit from a public education.

Pl.'s Br. at p. 7.

Withstanding a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . [Instead,] [f]actual allegations must be enough to raise a right to relief above the speculative level." _Twombly_, 550 U.S. at 555 (internal citation omitted); _see also_ _Phillips v. Cnty. of Allegheny_, 515 F.3d 224, 231 (3d Cir. 2008)

(stating that "Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief" (quoting <u>Twombly</u>, 550 U.S. at 555 n.3) (internal quotation marks omitted)).  A review of the Plaintiffs' Complaint reveals that they have not plead sufficient facts in support of their LAD claim beyond facts relating to the first prong of the prima facie case – <u>i.e.</u>, that J.L. is disabled.  The Complaint lacks sufficient facts to support the averment that J.L., was qualified to participate in the activity or program at issue and was denied the benefits of the program or otherwise discriminated against because of her disability. Without the requisite factual support, Plaintiffs' LAD claim must be dismissed.[10]  If Plaintiffs seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15, they must file a motion for leave attaching the proposed Amended Complaint at the same time they file their Rule 56(a) submissions.

**IV. Conclusion**

For the reasons discussed above, Defendants' motion to dismiss will be granted in part with respect to Plaintiffs' LAD claim,

---

[10] The Court also notes that Plaintiffs' averments do not address the potential inconsistency between their proposed LAD claim and the fact that Harrison had provided J.L. with an Individualized Education Program under the terms of the settlement offer.

Count Three.  With respect to Counts One and Two, this Court has converted the motion to dismiss to a motion for summary judgment. If the parties seek to provide this Court with supplemental submissions, those materials shall be filed within sixty days. An appropriate Order will issue this date.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated:    <u>December 19, 2014</u>

17