IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| J.L., a minor, individually and by her Parents K.L. and J.L., <br><br> Plaintiffs, <br><br> v. <br><br> HARRISON TOWNSHIP BOARD OF EDUCATION and CLEARVIEW BOARD OF EDUCATION, <br><br> Defendants. | Civil No. 14-2666 (RMB/JS) <br><br> **OPINION** |

APPEARANCES:

Jamie Epstein, Esq.
107 Cherry Parke, Suite C
Cherry Hill, New Jersey 08002
　　*Attorney for Plaintiffs J.L., a minor, individually and*
　　*by her Parents K.L. and J.L.*

Brett E.J. Gorman, Esq.
Parker McCay PA
9000 Midlantic Drive, Suite 300
Mt. Laurel, New Jersey 08054
　　*Attorney for Defendants Harrison Township Board of*
　　*Education and Clearview Board of Education*

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　After years of protracted and hostile litigation, on August 19, 2016, this Court issued an Opinion and Order on Plaintiffs' Motion for Attorney's Fees [Docket Nos. 95, 96]. The Court addressed Plaintiffs' request for attorney's fees as a prevailing party and found that Plaintiffs' counsel had engaged

1

in bad faith and improperly prolonged the litigation in order to inflate his fees. As a result, in addressing Plaintiffs' first Motion for Attorney's Fees, the Court granted, in part, denied, in part, and reserved, in part. Specifically, the Court found that Plaintiffs were entitled to reasonable attorney's fees as prevailing parties, which, however, represented only a fraction of the hours billed by Plaintiffs' counsel, Jamie Epstein, at a reasonable hourly rate to be determined at a hearing on a later date, unless Defendants agreed to the $500 hourly rate requested by Plaintiffs. Mr. Epstein attacks this latter statement as an advisory opinion by the Court.

Shortly thereafter, on August 31, 2016, Defendants' counsel, Brett Gorman, submitted a letter on the public docket advising the Court and Plaintiffs that Defendants stipulated to Plaintiffs' requested hourly rate of $500 [Docket No. 97], thereby obviating the need for a hearing regarding the appropriate hourly rate. Remarkably, over approximately the next two weeks, counsel for the parties attempted to negotiate a proposed form of order for the Court's consideration and signature in light of Defendants' stipulation to Plaintiffs' requested hourly rate. Unfortunately, yet unsurprisingly, these negotiations failed. Defendants' counsel submitted a proposed form of order on September 13, 2016 [Docket No. 98]. That same day, the Court issued a Final Order and Judgment, noting that

Defendants had stipulated to Plaintiffs' requested rate of $500 per hour, without conceding that this represented an appropriate market rate [Docket No. 99].

A month later, Plaintiffs moved once again for attorney's fees incurred as a result of the negotiations regarding the submission of a simple proposed form of order, originally requesting in excess of $3,250 [Docket No. 101].  After full briefing on this motion, Plaintiffs now demand $5,000 in attorney's fees [Docket No. 109].  The Court has considered the parties' submissions and finds Plaintiffs' requested attorney's fees of $5,000 to be not only excessive and unreasonable, but unconscionable.  For the reasons set forth herein, Plaintiffs' Second Motion for Attorney's Fees is denied.

**I.   LEGAL STANDARDS**

On August 25, 2015, this Court ruled that Plaintiffs were the prevailing parties in the underlying litigation, pursuant to the Individuals with Disabilities Act, 20 U.S.C. § 1400, et seq. ("IDEA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 [Docket Nos. 69, 70].

Under IDEA, a prevailing party may be awarded reasonable attorney's fees, as follows:

> (B) Award of attorney's fees.  (i) In general, in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs--

>     (I) to a prevailing party who is the parent of a child
>     with a disability.

20 U.S.C. § 1415(i)(3)(B)(i)(I).  IDEA, however, <u>mandates</u> a reduction in fees whenever the court finds that "the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy."  20 U.S.C. § 1415(i)(3)(F)(i).

Similarly, the Rehabilitation Act authorizes an award of attorney's fees to a prevailing party in the court's discretion:

>     (b) In any action or proceeding to enforce or charge a
>     violation of a provision of this title, the court, in
>     its discretion, may allow the prevailing party . . . a
>     reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a(b).

While a prevailing party may collect reasonable attorney's fees, the "prevailing party is not <u>automatically</u> entitled to compensation for all the time its attorneys spent working on the case; rather, a court awarding fees must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary."  <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 726 F.3d 403, 416 (3d Cir. 2013) (internal citations and quotations omitted) (emphasis added); <u>see also</u> <u>Am. Bd. of Internal Med. v. Von Muller</u>, 540 F. App'x 103, 106-07 (3d Cir. 2013) ("Even prevailing parties are not automatically entitled to attorneys' fees, however, as

whether to grant a fee request is a discretionary decision left to the district courts. In exercising its discretion to decide whether to award attorneys' fees, district courts are to consider frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.") (internal citations and quotations omitted). Importantly, a prevailing party is entitled "to a reasonable fee, not a windfall." M.G. v. E. Reg'l High Sch. Dist., 386 F. App'x 186, 189 (3d Cir. 2010).

As to specific billing entries, "once the fee petitioner 'submit[s] evidence supporting the hours worked and rates claimed,' the party opposing the fee application has the burden to challenge the reasonableness of the requested fee." McKenna v. City of Philadelphia, 582 F.3d 447, 459 (3d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). To satisfy this burden, the party opposing a motion for fees must "identify the portion of the fee request being challenged and state the grounds for the challenge with sufficient specificity to give the fee applicants notice that they must defend the contested portion of their fee petition." Bell v. United Princeton Property, Inc., 884 F.2d 713, 715 (3d Cir. 1989).

"Once the adverse party raises sufficiently specific objections to the fee request, a district court 'has a great deal of discretion to adjust the fee award in light of those objections.'" Taylor v. USF-Red Star Exp., Inc., 212 F. App'x 101, 111 (3d Cir. 2006) (quoting Rode, 892 F.2d at 1183). Moreover, although a court generally may not reduce a fee petition on its own initiative in the absence of specific objections from the party, the court may sua sponte "reduce requested fees with respect to matters within the judge's personal knowledge." Bell, 884 F.2d at 718-19. Additionally, "it should not be overlooked that the awarding of an attorney fee is a judicial action and, regardless of the parties' indifference to it, a court need not lend its imprimatur to an inappropriate order merely because there was no objection to its entry." McKenna, 582 F.3d at 459 n. 13.

## II.  ANALYSIS

After Defendants agreed to stipulate to Plaintiffs' requested hourly rate, all that was left for the parties to do was submit a straightforward proposed form of order for this Court's consideration and signature embodying this agreement. This was a simple administrative task that any sensible and experienced attorneys could have easily completed in well under an hour. Nevertheless, Mr. Epstein now seeks $5,000 in

6

attorney's fees incurred in connection with performing this single task.[1]  On its face, this request is unconscionable.

Plaintiffs contend that they are automatically and categorically entitled to all attorney's fees requested that Defendants have not specifically challenged.  Plaintiffs are mistaken.  <u>See</u> <u>Interfaith</u>, 726 F.3d at 416; <u>Von Muller</u>, 540 F. App'x at 106-07; <u>McKenna</u>, 582 F.3d at 459 n. 13.  This Court "has a positive and affirmative function in the fee fixing analysis, not merely a passive role."  <u>Interfaith</u>, 726 F.3d at 416 (internal citations and quotations omitted).  To blindly permit Plaintiffs to recover Mr. Epstein's unreasonable attorney's fees would amount to an abdication of this Court's responsibilities.  Thus, the Court will consider each of Defendants' challenges to Plaintiffs' fee request and evaluate the reasonableness of each of Mr. Epstein's billing entries prior to lending its judicial imprimatur to any additional fee award.  The Court will not permit Plaintiffs to recover attorney's fees for "hours that are excessive, redundant or otherwise unnecessary[.]"  <u>Holmes v. Millcreek Twp. Sch. Dist.</u>,

---

[1] In their own words, Plaintiffs demand further attorney's fees to compensate them for "Plaintiffs' counsel's efforts in dealing with Defendants' counsel's obstruction to fulfilling the Court's advisory opinion in regards to obtaining a stipulation." Epstein Aff. ¶ 4 [Docket No. 101-2].

7

205 F.3d 583, 595 (3d Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

Defendants argue that "Plaintiffs' counsel engaged in another pattern of uncooperative conduct in order to increase his overall fee." Defs. Opp. Br. at 4 [Docket No. 107]. The Court agrees. IDEA mandates a reduction in fees whenever the court finds that "the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F)(i). The Court had previously found that Mr. Epstein had unreasonably protracted this litigation. See Opinion at 48-50. It is now clear to the Court that its Opinion appears to have had no positive effect. This entire litigation before this Court could have been resolved several months ago. Plaintiffs' counsel could have submitted a limited supplemental fee application accounting for his reasonable fees incurred in connection with his collaborative discussions with Defendants' counsel. Plaintiffs' appeal could have proceeded in a timely fashion. Instead, Plaintiffs' appeal of this Court's Final Order and Judgment has since been stayed pending the resolution of the instant motion [Docket No. 110]. Accordingly, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(F)(i), Plaintiffs' requested attorney's fees must be reduced to reflect Mr. Epstein's

unreasonable protraction of the final resolution of this litigation.

Plaintiffs are only entitled to recover <u>reasonable</u> attorney's fees. 20 U.S.C. § 1415(i)(3)(B)(i)(I) (". . . the court, in its discretion, may award <u>reasonable</u> attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability.") (emphasis added); 29 U.S.C. § 794a(b) (". . . the court, in its discretion, may allow the prevailing party . . . a <u>reasonable</u> attorney's fee as part of the costs.") (emphasis added). Here, in light of the procedural posture of the litigation, <u>reasonable</u> attorney's fees would be minimal. Generously speaking, experienced counsel acting in good faith could have completed the one outstanding task--collaborating with opposing counsel to prepare a proposed form of order--in under an hour. A supplemental fee petition to account for these limited additional fees reasonably should have taken no longer than thirty minutes for a skilled attorney to draft. This is the most Plaintiffs should properly be permitted to recover, especially in light of Mr. Epstein's repeated unreasonable protraction of this case and his bad faith conduct throughout the litigation. The Court will nonetheless evaluate each of Mr. Epstein's billing entries and identify and exclude those that are unreasonable, "excessive, redundant, or otherwise unnecessary." <u>See</u> <u>Holmes</u>, 205 F.3d at 595.

Between August 19, 2016, the date on which this Court issued its Opinion, and August 31, 2016, the date on which Defendants advised the Court and Plaintiffs that they no longer contested Plaintiffs' requested rate of $500 per hour [Docket No. 97], Mr. Epstein amassed an additional $800 in attorney's fees for 1.6 hours spent on various tasks. Billing Entries [2]-[8].[2] These fees are excessive.

First, on August 20, 2016, Mr. Epstein billed thirty minutes reviewing and analyzing the Court's "opinion [95], order [96] regarding hourly rate" and eighteen minutes communicating with his client, also "regarding hourly rate." Billing Entries [2], [3]. The portion of this Court's Opinion regarding the applicable hourly rate is less than eight pages long. See Opinion at 53-61. The Court sees no reason why Mr. Epstein spent thirty minutes reviewing this brief section and an additional eighteen minutes communicating with his client regarding the hourly rate. The hourly rate had presumably already been discussed between counsel and Plaintiffs, given that it was the hourly rate that Plaintiffs requested. At most, only 0.2 hours should have been expended on these tasks.

---

[2] Numbers in brackets refer to the billing entries set forth in Plaintiffs' initial bill submitted in connection with the instant motion [Docket No. 101-3].

10

In billing entry [4], counsel documented twenty-four minutes spent "research[ing] RMB stipulation opinions" on August 26, 2016. The Court agrees with Defendants that no legal research was necessary to draft a stipulation as to the hourly rate. This was merely an administrative task. As such, the Court finds the time reflected in this entry to be unreasonable and unnecessary. The Court will not award any fees incurred for research that was entirely unwarranted in light of the procedural posture of the case. Additionally, on the same day, Plaintiffs' counsel documented four separate entries for email communications with Defendants' counsel. Billing Entries [5]-[8]. These entries are duplicative of one another. Plaintiffs have not substantiated their request for twenty-four minutes of email correspondence between Mr. Epstein and Mr. Gorman on a single day. A reasonable attorney's fee for this email correspondence is $50, representing 0.1 hours.

On August 31, 2016, Plaintiffs' counsel billed 0.2 hours reviewing and analyzing Defendants' letter advising Plaintiffs and the Court that they stipulated to Plaintiffs' requested hourly rate. Billing Entry [9]. Defendants' letter [Docket No. 97] is barely half a page long. Six minutes is ample time to review and analyze it. Thus, Plaintiffs should only be permitted to recover fees for 0.1 hours for this task.

Next, on September 8, 2016, Mr. Epstein billed 0.2 hours (or $100) reviewing and analyzing Defendants' proposed stipulation. Billing Entry [10]. Defendants challenge this entry, arguing that the time spent reviewing and analyzing the proposed stipulation was unreasonable, given that the document is less than two pages long. Plaintiffs respond that Mr. Epstein had to check the quotations from the Court's Opinion included in the proposed stipulation, even though Mr. Epstein had already billed for reviewing and analyzing the Court's Opinion. This task was totally unnecessary and, in any case, reviewing a less-than-two-page document and searching the Court's Opinion on the online public docket should not require twelve minutes. The Court finds that 0.1 hours properly reflects the time reasonably spent reviewing and analyzing Defendants' brief proposed stipulation.

Then, over the course of two days, September 8 and 9, 2016, Mr. Epstein billed a total of 0.4 hours corresponding via email with Mr. Gorman regarding a proposed stipulation as to the hourly rate. Billing Entries [13], [15], [16]. These are, once again, redundant and excessive. Only 0.2 hours should be permitted for email correspondence between Mr. Epstein and Mr. Gorman on this subject.

On September 11, 2016, Mr. Epstein billed 1.1 hours "prepar[ing] for hourly rate trial," which he knew would <u>never</u>

occur in light of Defendants' stipulation to Plaintiffs' requested hourly rate. Billing Entry [19]. Regardless of the parties' disputes regarding the language of the proposed stipulation, it was clear that Defendants no longer contested Plaintiffs' requested rate. Indeed, Defendants had publicly advised the Court and Plaintiffs of their position eleven days prior. Defendants properly challenge this entry as unreasonable. The Court finds that Mr. Epstein inappropriately and needlessly billed 1.1 hours (or $550) preparing for a hearing that he knew was moot and would never occur. This billing entry is disallowed in its entirety.

Next, Plaintiffs' bill reflects two entries on September 13, 2016: 0.2 hours reviewing Defendants' "proposed (un-stipulated to) stipulation" and 0.3 hours analyzing the same "proposed (un-stipulated to) stipulation." Billing Entries [20], [24]. Defendants challenge these entries as excessive and unreasonable, given that their proposed order [Docket No. 98-1] is no more than two pages long. Plaintiffs attempt to justify the thirty minutes purportedly spent by Mr. Epstein reviewing and analyzing the two-page proposed order by stating that the time was "spent in further analysis [98] and how to respond to the improper and shocking stipulation [98]." Pls. Reply Br.

at 3 [Docket No. 108].[3]  The Court agrees with Defendants that the 0.5 hours billed reviewing and analyzing the two-page proposed order is excessive.  Additionally, billing entry [20] is subsumed within entry [24].  In light of the duplicative and excessive billing, only 0.1 hours should be awarded.

On September 14, 2016, Plaintiffs' counsel billed 0.2 hours reviewing and analyzing this Court's Final Order and Judgment. Billing Entry [25].  Defendants respond that "the time spent reviewing the final order in this case, which was two and [a] half pages, was excessive."  Defs. Opp. Br. at 7.  The Court concurs.  The Final Judgment and Order [Docket No. 99] is no more than two and a half pages and contains no information previously unknown to the parties.  There is no reason why reviewing and analyzing the Final Order and Judgment should have taken twelve minutes.  Additionally, the Court sees no reasonable justification for Mr. Epstein's eighteen-minute entry for communications with his clients regarding the hourly rate on

---

[3] While the Court would not expect or require consent to a proposed order admitting bad faith, the Court does not find the inclusion of such language to be "improper and shocking".  Indeed, the language in the proposed order that Plaintiffs contend is "improper and shocking" actually consists of direct quotations from this Court's Opinion.  In any event, according to Mr. Epstein's billing records, he had already reviewed these "improper" quotations on September 8, 2016.  See Pls. Reply Br. at 3; Billing Entry [10].

14

the following day.  Billing Entry [27].  At most, 0.2 hours were reasonably expended on these tasks.

In connection with the instant motion, Plaintiffs demand a total of $2,750 in attorney's fees, reflecting 5.5 hours spent by Mr. Epstein in drafting his various filings.  Billing Entry [28]; Pls. Reply Br. at 5; Pls. Letter [Docket No. 109].  This request is egregious.  The Court has reviewed Plaintiffs' scant submissions and finds them wanting.  All three submissions--Plaintiffs' opening motion papers [Docket No. 101], Plaintiffs' supplemental letter brief [Docket No. 105], and Plaintiffs' reply brief [Docket No. 108]--are woefully deficient, in addition to being entirely devoid of merit.  The Court cannot lend its judicial imprimatur to such an excessive and unreasonable request.

Specifically, in billing entry [28], Plaintiffs request $1,000 for two hours spent by Mr. Epstein drafting the instant motion.  Plaintiffs' motion was patently insufficient.  The entirety of the submission was five pages, including a full page for each of the notice of motion [Docket No. 101] and proposed order [Docket No. 101-1], both of which are form documents.  No brief was submitted.  Instead, Plaintiffs submitted a two-page, six-paragraph affidavit from Mr. Epstein that included no justification or explanation of the time billed whatsoever [Docket No. 101-2].  Finally, Plaintiffs submitted a spreadsheet

15

entitled "10/13/16 JL BILL," setting forth Mr. Epstein's billing entries and corresponding requests for fees [Docket No. 101-3].

Next, Plaintiffs brazenly demand an additional $750 in attorney's fees incurred for 1.5 hours spent drafting a response to this Court's October 28, 2014 Order. Pls. Supp. Br. at 3 [Docket No. 105]. On October 28, 2014, due to the inadequacy of Plaintiffs' initial submission, the Court ordered Plaintiffs to submit a supplemental letter brief in support of their request for attorney's fees, addressing, in particular, certain glaringly problematic entries [Docket No. 104]. Plaintiffs submitted a less-than-three page response [Docket No. 105].[4] A supplemental brief should not have been needed in the first place. Nonetheless, a $750 bill for drafting that response is unreasonable.

Finally, Plaintiffs request $1,000 for two hours billed by Mr. Epstein for drafting Plaintiffs' reply brief. This request was only presented in the reply brief and, thus, Defendants have not had an opportunity to respond. Plaintiffs' reply brief [Docket No. 108] is roughly a mere four pages long, contains both factual and typographical errors, and responds to legal arguments not presented by Defendants in their opposition brief.

---

[4] The Court notes that Plaintiffs' response is laden with hostility towards both the Court and Defendants.

The Court finds this request to be unreasonable and excessive in light of the brief submitted.

Had Mr. Epstein acted reasonably and in good faith, he would have incurred only reasonable fees in connection with the preparation of a proposed form of order. He then would have submitted a limited supplemental fee application, which reasonably would have taken no more than thirty minutes. A reasonable attorney's fee in connection with the preparation of the supplemental fee request would have been $250.

Based upon the findings set forth above, under normal circumstances, Plaintiffs would have been entitled to recover, at most, a total amount of $750 in reasonable attorney's fees. This, unfortunately, is not a normal case. As detailed in this Court's prior Opinion and in this Opinion, Mr. Epstein's litigation conduct not only forced counsel for Defendants to expend unnecessary fees, it also required this Court, once again, to divert its precious limited resources from the hundreds of other cases on its docket in need of attention. The only right and just thing for this Court to do--if its grant of discretion is to mean anything--is to deny outright all fees. See, e.g., M.G., 386 F. App'x at 188 n. 3, 189 (noting that "the egregiousness of [Mr. Epstein's] conduct alone could plausibly justify the outright denial of attorney's fees" and stating that "[i]f, after following the proper procedures, the Court remains

17

convinced that Epstein's hourly rate and hours billed are outrageously excessive, it retains the discretion to award whatever fee it deems appropriate, including no fee at all"); Deptford Twp. Sch. Dist. v. H.B. ex rel. E.B., 279 F. App'x 122, 126 n. 2 (3d Cir. 2008) (reversing district court's finding that plaintiffs were "prevailing parties" and award of attorney's fees, noting that "even if the District Court's finding . . . rendered Appellees the 'prevailing party,' an award of attorneys' fees would not be proper on the particular facts of this case.  As the District Court noted, the relief achieved here was 'scant and unimpressive,' . . . . Moreover, Appellees' attorney [Mr. Epstein]--either through gross carelessness or worse--initially sought fees that included 60 hours billed in a single day.  On this record, we find that fees should not have been awarded.") (internal citations and quotations omitted); J.T. ex rel. A.T. v. Medford Bd. of Educ., 118 F. App'x 605, 607 (3d Cir. 2004) (affirming district court's decision that Mr. Epstein and his clients were not entitled to any fees because they unreasonably and unnecessarily delayed the resolution of the controversy); John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit, 318 F.3d 545, 557 (3d Cir. 2003) (noting that, under Sections 1415(i)(3)(D)-(G), "attorney's fees may be prohibited or reduced . . . when a parent has unreasonably protracted the final resolution.") (emphasis added); L.J. ex

18

rel. V.J. v. Audubon Bd. of Educ., 2009 WL 995458, at *13 (D.N.J. Apr. 13, 2009), aff'd, 373 F. App'x 294 (3d Cir. 2010) (denying outright Mr. Epstein's request for "an astounding $10,480 in attorney's fees" for 26.2 hours billed for logging billing entries, noting that the request was "unreasonable on its face, and borderline conscience-shocking."). The Court, therefore, exercises its discretion and denies Plaintiffs' request for additional attorney's fees in its entirety. Enough is enough.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Second Motion for Attorney's Fees is denied. An appropriate Order shall issue on this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2017